Richard X. Holmes and Mercedes Holmes v. Commissioner.
Holmes v. Commissioner
Docket No. 2107-62.
United States Tax Court
T.C. Memo 1966-233; 1966 Tax Ct. Memo LEXIS 50; 25 T.C.M. (CCH) 1207; T.C.M. (RIA) 66233; October 21, 1966
Frank E. Steel, 1019 Amelia Ave., Akron, Ohio, for the petitioners. Gordon B. Cutler, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: Deficiencies have been determined by the Commissioner in the income tax of petitioners for the following years and amounts: Additions to Tax
Deficiency in-
Sec. 293(b)
Sec. 294(d)(1)(A)
Year
come tax
I.R.C. 1939
I.R.C. 1939
1951
$ 830.77
$ 415.39
$ 35.67
1952
1,174.52
587.26
115.38
1953
6,351.32
3,175.66
545.80
Sec. 6653(b)
I.R.C. 1954
1954
8,808.46
4,404.23
790.43
1955
5,496.08
2,748.04
1956
2,891.81
1,445.91
*51 The only issue to be decided is whether a wife who makes a joint income tax return with her husband without knowledge of her husband's fraudulent understatement of income made thereon is jointly and severally liable for the additions to tax for fraud determined by the Commissioner. Findings of Fact The stipulated facts are found in accordance with the stipulation on file herein. At all times material, petitioners were husband and wife, residing at Mentor, Ohio. They filed their joint Federal income tax returns for the taxable years 1951 through 1956 with the district director, Cleveland, Ohio. The deficiencies determined by respondent against petitioners for the taxable years 1951 through 1956, as set forth in the statutory notice of deficiency, are correct, and all or part of the deficiency or understatement of tax so determined by respondent for each taxable year is due to fraud on the part of petitioner Richard X. Holmes. Petitioner Mercedes Holmes had no knowledge of the aforesaid fraudulent conduct of petitioner Richard X. Holmes at the time she executed and filed joint returns for such years. Opinion There is no issue here so far as petitioner Mercedes Holmes is *52 concerned with respect to the correctness of respondent's determination of deficiencies or the additions to tax for the fraud of Richard X. Holmes in each year at issue. It is agreed by her that the fraud involved was that of petitioner Richard X. Holmes and we have found as a fact that Mercedes Holmes had no knowledge of such fraud at the time the respective returns were executed and filed. It follows that she was guilty of no fraud in the filing thereof. She contends that she should not therefore be held liable for the payment of the fraud penalty. The petition filed herein is joint and verified by both petitioners but raises no issue relating to the additions to tax for fraud. In his answer, respondent has affirmatively pleaded that petitioners filed false and fraudulent returns for each year at issue, setting forth specific items of unreported income and the source thereof. No pleading in denial or admission of these allegations has been filed by either petitioner. In fact the husband did not appear or offer any evidence relating to the deficiencies herein upon the hearing hereof. Upon this state of the pleadings we find that petitioner Richard X. Holmes has admitted the allegations *53 of fraud contained in respondent's answer, and we decide this issue, so far as he is concerned, for respondent. This case as to the wife's liability for the additions to tax stemming from the husband's fraud is distinguished on its facts from a case where only one party (the one not guilty of fraud) has filed a petition before this Court and no sufficient proof of fraud relating to either party to the return is produced by the respondent on the hearing thereof. This issue is not novel and has been discussed as lately as April 29, 1966, by the Court of Appeals for the Fourth Circuit in Moore v. United States, 360 F. 2d 353, where the court said: We adhere to the view that the wife becomes liable for all additional taxes, including penalties for fraud, if she has signed a fraudulent joint return, regardless of a lack of fraudulent intent on her part. The "joint and several" liability is expressly imposed by 26 U.S.C.A. § 6013(b)(5) and (d)(3). Ginsberg's Estate v. Commissioner, 271 F. 2d 511 (5th Cir. 1959); Kann v. Commissioner, 210 F. 2d 247, 252 (3d Cir. 1953);' Howell v. Commissioner, 175 F. 2d 240 (6th Cir. 1949). *54 Compare Spanos v. United States, 323 F. 2d 108 (4th Cir. 1962); Cirillo v. Commissioner, 314 F. 2d 478 (3d Cir. 1963); Payne v. Commissioner, 247 F. 2d 481, 483-84 (8th Cir. 1957). For the same reasons and based upon the same statutory provisions we must hold for respondent on this issue. Decision will be entered for the respondent.