JERRY L. RHOADES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rhoades v. Commissioner
Docket No. 23794-82
United States Tax Court
T.C. Memo 1983-608; 1983 Tax Ct. Memo LEXIS 181; 46 T.C.M. (CCH) 1562; T.C.M. (RIA) 83608; September 27, 1983. Thomas H. Moody, for the petitioner. Frank Agostino, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: The issue in this case concerns the right of a married individual to file a joint federal income tax return after having originally filed an individual return on a separate return basis. The *183 parties have stipulated the relevant facts and exhibits and have submitted the issue for decision under Rule 122 of the Tax Court Rules of Practice and Procedure.
On April 13, 1981, petitioner mailed a Form 1040 for his taxable year 1980 to the Kansas City Service Center. On the Form 1040, petitioner identified himself, signed the return and indicated he was submitting the return as a married individual, but on a separate return basis. No financial information was provided on the Form 1040, and each request on the Form 1040 for financial information was answered with the word "none" or the words "object--self incrimination." On June 13, 1982, respondent mailed a notice of deficiency to petitioner for taxable year 1980. Therein, respondent determined a deficiency in income tax for 1980 ($18,928.22), an addition to tax for failing to file a tax return ($3,168.23), a negligence addition ($946.41), and a failure to pay addition ($709.28). The tax deficiency and associated additions were calculated on the basis of rates applicable to a married person filing a separate return. On September 22, 1982, petitioner timely filed his petition with this Court for a redetermination of *184 the tax deficiency and additions. Also on September 22, 1982, petitioner and his wife filed an amended individual income tax return (Form 1040X) for 1980 with the Kansas City Service Center. This amended return was filed as a joint return and did provide financial information in answer to the requests therefor on the amended Form 1040X. The parties have now stipulated to the income, deduction, and exemption figures and the sole issue is whether the tax due is to be computed on a joint return basis or on a separate return basis. Assuming that the protest document mailed by petitioner on April 13, 1981 constituted a "return," petitioner elected on such return to be taxed on a separate return basis. Section 6013(b)(1) of the Internal Revenue Code of 1954[1] explicitly provides that where a separate return originally was filed, a joint return thereafter can be filed by a husband and wife.However, in the event a notice of deficiency has been sent to one of the spouses, a joint return can be filed only if the spouse who received the notice of deficiency did not file a petition with this Court in response thereto. Section 6013(b)(2)(C) provides: (2) Limitations *185 for making of election.--The election provided for in paragraph (1) may not be made-- * * * (C) after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed in section 6213; * * * Since petitioner herein was mailed a notice of deficiency and did file his petition herein, the clear provisions of the above-quoted statute do not allow the filing of a joint return after June 13, 1982, the date the notice of deficiency was mailed to petitioner. [2]Shapland v. Commissioner,T.C. Memo. 1979-300. *186 If the Form 1040 which petitioner filed on April 13, 1981, is not treated as a "return," [3] petitioner's attempt now to have his tax calculated on a joint return basis also must fail. Where a tax return is not filed timely by a taxpayer, and the Commissioner is required to make the joint or separate return election for the taxpayer in a notice of deficiency, that election may not thereafter be altered. As stated previously by this Court-- * * * the administrative considerations which accompany a system such as ours, where taxation is based upon voluntary disclosure, demand that where, "as the result of a failure to file a return, the Commissioner has been required to make an election for the taxpayers * * * that election may not thereafter be altered." Durovic v. Commissioner,54 T.C. 1364, 1402 (1970), affd. on this issue, 487 F.2d 36, 41-42 (7th Cir. 1973), quoting Spanos v. United States,212 F. Supp. 861, 864 (D. Md. 1963), reversed in part by 323 F.2d 108 (4th Cir. 1963), but affirmed on this issue. *187 Based upon the above authority it is concluded that petitioner is not entitled to utilize the joint return rates of section 1(a) in computing his tax liability for 1980. Decision will be entered under Rule 155
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended during the years in issue, unless otherwise indicated. ↩
2. By way of dictum, it is noted that the two-step factual analysis required by section 6013(b)(2)(C) (viz., first a notice of deficiency must have been mailed and, second, thereafter the taxpayer must have filed a timely petition) produces the anomalous result that a taxpayer, after receiving a notice of deficiency in which the tax deficiency is computed on a separate return basis, by not filing a petition in this Court, could thereafter pay the resulting assessment and then file a claim for refund on a joint return basis and avoid the limitation of section 6013(b)(2)(C). It appears that nothing in section 6013 would justify an Internal Revenue Service disallowance of the claim for refund in that situation other than the limitation of section 6013(b)(2)(B)↩ that the claim for refund would have to be filed within three years of the due date of the original return.
3. Extensive case law would support the holding that the protest Form 1040 filed herein was not a return. See United States v. Porth,426 F.2d 519 (10th Cir.), cert. denied, 400 U.S. 824 (1970) and Reiff v. Commissioner,77 T.C. 1169↩ (1981).