PETER M. NELSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nelson v. Commissioner
Docket No. 7691-83.
United States Tax Court
T.C. Memo 1984-439; 1984 Tax Ct. Memo LEXIS 237; 48 T.C.M. (CCH) 892; T.C.M. (RIA) 84439; August 14, 1984. Cecil A. Hartman, for the petitioner. Michael J. Cooper, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: By statutory notice of deficiency dated January 6, 1983, respondent determined deficiencies in petitioner's Federal income tax liabilities and additions to tax as follows: Additions to Tax, I.R.C. Sections
Year
Deficiency [1]
6651(a)
6653(a)
6654
1980
$6,091
$ 745
$305
$141
1981
8,435
1,822
422
536
*239 The issues for our determination are whether petitioner's Federal income tax liabilities and additions to tax for 1980 and 1981 are to be computed on a joint return basis or on a separate return basis, and whether damages should be awarded to the United States pursuant to section 6673. [2]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner resided in La Junta, Colorado, at the time the petition herein was filed. On April 15, 1981, petitioner mailed a protest Form 1040 for 1980 to the Ogden Service Center. On the Form 1040, petitioner identified himself, signed the "return," and indicated he was submitting the "return" as a married individual filing separately. No financial information was provided on the Form 1040, and each request on *240 the Form 1040 for financial information was answered with the word "none" or the words "object - self incrimination." On January 6, 1983, respondent mailed a notice of deficiency to petitioner for the years 1980 and 1981, and determined deficiencies and additions to tax totalling $18,497. This amount was calculated on the basis of rates applicable to a married person filing a separate return. On April 6, 1983, petitioner timely filed his petition with this Court for a redetermination of the tax deficiencies and additions for 1980 and 1981.In his petition, petitioner contended that the wages and other income he allegedly earned were not taxable as determined in respondent's notice of deficiency. Petitioner also claimed a right to a jury trial in this Court, which was denied.Petitioner has chosen not to pursue either of these issues at trial. After filing the petition herein, and on advice of counsel, petitioner and his wife, Dawn K. Nelson (who is not a party to this action), filed a second Form 1040 for 1980 and a Form 1040 for 1981 with the Ogden Service Center on July 11, 1983. These returns were both filed on the basis of married persons filing jointly, and provided the *241 financial information requested. The parties have stipulated the amount of petitioner's income, deductions, and exemptions for 1980 and 1981. Petitioner now contends that his tax liabilities and additions for 1980 and 1981 should be computed on a joint return basis, rather than on a separate return basis.Respondent contends that petitioner is not entitled to calculate his tax liabilities and additions for those years on a joint return basis because petitioner was mailed a notice of deficiency with respect to those years prior to the filing of the joint returns, and because petitioner filed his petition in this Court with respect to this notice of deficiency. OPINION Section 6013(b)(1) explicitly provides that where a separate return originally was filed, a joint return thereafter can be filed by a husband and wife. If, however, a notice of deficiency was mailed to one of the spouses, and that spouse filed a petition with this Court contesting the deficiency determination, an election to file a joint return cannot be made after the notice of deficiency was mailed.Section 6013(b)(2)(C) [3]. *242 On January 6, 1983, petitioner was mailed a notice of deficiency applicable to both of the years in controversy, and he did timely file the petition herein with respect thereto. Therefore, the provisions of section 6013(b)(2)(C) clearly prohibit the filing of a joint return after January 6, 1983. Thompson v. Commissioner,78 T.C. 558 (1982). [4]
Petitioner asserts, however, that because the protest Form 1040 filed for 1980 was not accepted as a "return" by respondent, and because the Form 1040 filed for 1981 on July 11, 1983, elected joint return status, he never elected to compute his 1980 or 1981 tax liabilities and additions on the basis of a married person filing a separate return. He therefore argues that the limitation in section 6013(b)(2)(C) does not apply and that he is not prohibited from filing joint returns for both 1980 and 1981. Even if the Form 1040 filed by petitioner for 1980 is not treated as a return, [5] petitioner's attempt now to have *243 his tax liabilities and additions calculated on a joint return basis must fail. Where a tax return is not timely filed by a taxpayer, and the Commissioner is required to make the joint or separate return election for the taxpayer in a notice of deficiency, that election may not thereafter be altered if the taxpayer files a petition with respect to the notice of deficiency with this Court. As previously stated by this Court-- the administrative considerations which accompany a system such as ours, where taxation is based upon voluntary disclosure, demand that where, "as the result of a failure to file a return, the Commissioner has been required to make an election for the taxpayers * * * that election may not thereafter be altered." Durovic v. Commissioner,54 T.C. 1364, 1402 (1970), affd. on this issue, revd. in part 487 F.2d 41-42 (7th Cir. 1973), cert. denied 417 U.S. 919 (1974), quoting Spanos v. United States,212 F. Supp. 861, 864 (D. Md. 1963), reversed in part by 323 F.2d 108 (4th Cir. 1963), but affirmed on this issue. [6]
*244 In light of the above conclusions, we sustain respondent on this issue. We must also decide whether damages should be awarded to the United States under section 6673. After concessions, the issue petitioner proceeded with herein was a technical one which he pursued in good faith on the advice of his counsel. Under these circumstances, it does not appear to us that the proceedings were instituted or maintained primarily for delay or that petitioner's position was frivolous or groundless. Accordingly, damages pursuant to section 6673 will not be awarded. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Petitioner's tax deficiencies were partially offset by credits in the amounts of $3,112 and $1,147 for 1980 and 1981, respectively, for taxes previously withheld. Petitioner's net additional tax due under the deficiency determinations is, therefore, $2,979 for 1980 and $7,288 for 1981.↩
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. Section 6013(b)(2) provides in relevant part: (2) Limitations for making of election.--The election provided for in paragraph (1) may not be made-- * * * (C) After there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed in section 6213; * * *↩
4. See also Rhoades v. Commissioner,T.C. Memo. 1983-608; Stowman v. Commissioner,T.C. Memo. 1983-235; Shapland v. Commissioner,T.C. Memo. 1979-300↩.
5. Extensive case law would support the holding that the protest Form 1040 filed herein was not a return. See United States v. Porth,426 F.2d 519 (10th Cir.), cert. denied, 400 U.S. 824 (1970) and Reiff v. Commissioner,77 T.C. 1169↩ (1981). 6. As we previously noted by way of dictum-- the two-step factual analysis required by section 6013(b)(2)(C) (viz., first a notice of deficiency must have been mailed and, second, thereafter the taxpayer must have filed a timely petition) produces the anomalous result that a taxpayer, after receiving a notice of deficiency in which the tax deficiency is computed on a separate return basis, by not filing a petition in this Court, could thereafter pay the resulting assessment and then file a claim for refund an a joint return basis and avoid the limitation of section 6013(b)(2)(C). It appears that nothing in section 6013 would justify an Internal Revenue Service disallowance of the claim for refund in that situation other than the limitation of section 6013(b)(2)(B) that the claim for refund would have to be filed within three years of the due date of the original return. ( Rhoades v. Commissioner,T.C. Memo. 1983-608, at n. 2, 46 T.C.M. 1562↩, 52 P.H Memo T.C. par. 83,608 at 2462-83.)