ANDREW JOSEPH LARVIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Larvin v. Commissioner
Docket No. 6098-84.
United States Tax Court
T.C. Memo 1985-385; 1985 Tax Ct. Memo LEXIS 247; 50 T.C.M. (CCH) 568; T.C.M. (RIA) 85385; July 31, 1985. Andrew Joseph Larvin, pro se. Arthur L. Skaar, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: By statutory notice of deficiency dated January 24, 1984, respondent determined deficiencies in petitioner's Federal income tax liabilities and additions to tax as follows: Additions to Tax
Year
Deficiency
§ 6651(a) [1]
§ 6653(a)(1)
§ 6653(a)(2)
§ 6654(a)
1980
$6,638.00
$1,539.25
$331.90
$385.68
1981
2,912.00
778.00
145.60
50% of the
223.02
interest due
on $2,912.00
The only issue for decision is whether the tax liabilities and additions to tax determined by respondent are to be computed on a joint return basis or on a separate return basis. This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts is incorporated herein by this reference. The pertinent facts are summarized below. Petitioner has *249 not filed Federal income tax returns for the years 1980 and 1981. On March 9, 1984, he filed his petition with the Court for a redetermination of the tax deficiencies and additions for those years, as set forth in respondent's statutory notice of deficiency. The deficiencies determined for the years in controversy were calculated on the basis of rates applicable to a married person filing a separate return. The parties have stipulated to income, deduction, and exemption figures. Petitioner maintains that he is entitled to calculation of his tax liabilities on a joint return basis because he has been married for 26 years and because he and his wife have filed joint returns throughout that period, other than for 1980 and 1981. However, if taxpayers fail to file returns and the Commissioner is required to make the joint or separate return election in a statutory notice of deficiency sent to either spouse, that election may not thereafter be altered if the spouse to whom that notice was issued files a petition with this Court. Sec. 6013(b)(2)(C). [2]Thompson v. Commissioner,78 T.C. 558 (1982); Dritz v. Commissioner,427 F.2d 1176 (5th Cir. 1970), *250 affg. per curiam a Memorandum Opinion of this Court. As previously stated by this Court-- the administrative considerations which accompany a system such as ours, where taxation is based upon voluntary disclosure, demand that where, "as the result of a failure to file a return, the Commissioner has been required to make an election for the taxpayers * * * that election may not thereafter be altered." Durovic v. Commissioner,54 T.C. 1364, 1402 (1970), revd. and remanded in part, but affd. on this issue 487 F.2d 36, 41-42 (7th Cir. 1973), cert. denied 417 U.S. 919 (1974), quoting Spanos v. United States,212 F.Supp. 861, 864 (D. Md. 1963), revd. in part *251 323 F.2d 108 (4th Cir. 1963), but affd. on this issue. It is immaterial that petitioner filed joint Federal income tax returns in the years before and after those in controversy. [3] Petitioner did not file returns for 1980 and 1981, he received a statutory notice of deficiency regarding those years, and filed a petition with this Court with respect to that notice. Based on the above authority, we hold that petitioner is not entitled to the joint return rates of section 1(a) in computing his Federal income tax liabilities for 1980 and 1981.
To reflect concessions, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the taxable years in issue.↩
2. Section 6013(b)(2)(C) provides in relevant part-- (b) Joint Return After Filing Separate Return.-- (2) Limitations for making of election.--The election provided for in paragraph (1) may not be made-- * * * (C) after there has been mailed to either spouse, with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed in section 6213; * * *↩
3. Smalldridge v. Commissioner,T.C. Memo. 1984-434↩.