RONALD E. SMALLDRIDGE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smalldridge v. Commissioner
Docket No. 398-83.
United States Tax Court
T.C. Memo 1984-434; 1984 Tax Ct. Memo LEXIS 244; 48 T.C.M. (CCH) 882; T.C.M. (RIA) 84434; August 13, 1984. Paul A. Frederiksen, for the petitioner. James Gehres, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: By statutory notice of deficiency mailed November 2, 1982, respondent determined deficiencies in petitioner's Federal income tax liabilities and additions to tax as follows: Additions to Tax, I.R.C. Sections
Year
Deficiency
6651(a)
6653(a)
6654
1977
$2,467
$386
$123
$47
1978
4,176
759
209
88
1979
4,382
797
219
121
1980
4,156
653
208
142
1981
4,911
755
246
195
The only issue *246 for decision is whether the tax liabilities and additions to tax determined by respondent are to be computed on a joint return basis or on a separate return basis. This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure.[1] The stipulation of facts and attached exhibits are incorporated herein by this reference. The pertinent facts are summarized below. Petitioner resided in Monte Vista, Colorado, at the time the petition herein was filed. Petitioner did not file Federal income tax returns for the years 1977 through 1981 prior to the mailing of the notice of deficiency on November 2, 1982. The deficiencies determined for years 1977 through 1981 were calculated on the basis of rates applicable to a married person filing a separate return. Petitioner thereafter timely filed the petition herein on January 5, 1983. On August 16, 1983, upon advice of counsel, petitioner filed tax returns for the years 1977 through 1981 with the Internal *247 Revenue Service Appeals Division in Denver, Colorado. Petitioner joined with his wife, Barbara A. Smalldridge, in filing those returns on the basis of married persons filing jointly. [2]
On August 29, 1983, petitioner filed with this Court a Motion to Amend Petition, which was granted on September 6, 1983. The amended petition alleged that respondent's calculation of tax deficiencies on the basis of a married person filing separately was erroneous.All other allegations of error set forth in the amended petition, including the additions to tax, have been conceded by petitioner. The only issue for decision, therefore, is whether respondent must redetermine petitioner's tax liabilities and additions to tax on a joint return basis. Section 6013(b)(1) explicitly provides that where a taxpayer originally filed a separate return, a joint return can thereafter be filed by a husband and wife. In the event, however, a notice of deficiency *248 is mailed to one of the spouses, and that spouse files a petition with this Court in response thereto, an election to file a joint return cannot be made after the notice of deficiency was mailed. [3] Section 6013(b)(2)(C) [4]. Where a tax return is not timely filed by a taxpayer, and the Commissioner is required to make the joint or separate return election for the taxpayer in a notice of deficiency, that election may not thereafter be altered if the taxpayer files a petition with respect to the notice of deficiency with this Court. As stated previously by this Court-- the administrative considerations which accompany a system such *249 as ours, where taxation is based upon voluntary disclosure, demand that where, "as the result of a failure to file a return, the Commissioner has been required to make an election for the taxpayers * * * that election may not thereafter be altered." Durovic v. Commissioner,54 T.C. 1364, 1402 (1970), affd. on this issue, revd. in part 487 F.2d 36, 41-42 (7th Cir. 1973), cert. denied 417 U.S. 919 (1974), quoting Spanos v. United States,212 F. Supp. 861, 864 (D. Md. 1963), reversed in part by 323 F.2d 108 (4th Cir. 1963), but affirmed on this issue. [5]
*250 Petitioner asserts that by accepting his amended petition, this Court allowed petitioner's wife, Barbara A. Smalldridge, to be "joined" as co-petitioner and that this fact is dispositive of the joint return issue. Petitioner also argues that his election to file tax returns jointly with his wife for the year prior to those in controversy (namely, 1976) and for the year following those in controversy (1982), is continuous and effective for the years 1977 through 1981 unless revoked by petitioner and that such an election cannot be terminated by respondent simply because petitioner failed to file timely tax returns for those years. We agree with respondent. The granting of petitioner's motion to amend is in no way dispositive of the substantive issues raised therein. Moreover, the language of the amended petition does not even purport to "join" Barbara A. Smalldridge as a co-petitioner. It merely alleges that respondent erred in failing to base his calculations of petitioner's tax liabilities on a joint filing status, which allegation of error respondent denied in his Answer. It is immaterial that petitioner filed joint Federal income tax returns in years prior to or subsequent *251 to those in controversy or that respondent had knowledge with respect thereto. [6] Petitioner did not file joint Federal income tax returns for the years in controversy prior to the mailing of the notice of deficiency and petitioner did file a petition with respect to such notice. We therefore hold for respondent, pursuant to section 6013(b)(2)(C).
To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure, as amended, and all section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Petitioner's Federal income tax returns for 1976, the first year prior to those in controversy, and for 1982, the first year subsequent to those in controversy, were timely filed with his wife, Barbara A. Smalldridge, on a joint return basis.↩
3. Rhoades v. Commissioner,T.C. Memo. 1983-608; Shapland v.Commissioner,T.C. Memo. 1979-300↩. 4. Section 6013(b)(2) provides, in relevant part-- (2) Limitations for making of election. -- The election provided for in paragraph (1) may not be made -- * * * (C) after there has been mailed to either spouse with respect to such taxable year, a notice of deficiency under section 6212, if the spouse, as to such notice, files a petition with the Tax Court within the time prescribed in section 6213; * * *↩
5. As we previously noted by way of dictum-- the two-step factual analysis required by section 6013(b)(2)(C) (viz., first a notice of deficiency must have been mailed and, second, thereafter the taxpayer must have filed a timely petition) produces the anomalous result that a taxpayer, after receiving a notice of deficiency in which the tax deficiency is computed on a separate return basis, by not filing a petition in this Court, could thereafter pay the resulting assessment and then file a claim for refund on a joint return basis and avoid the limitation of section 6013(b)(2)(C). It appears that nothing in section 6013 would justify an Internal Revenue Service disallowance of the claim for refund in that situation other than the limitation of section 6013(b)(2)(B) that the claim for refund would have to be filed within three years of the due date of the original return. ( Rhoades v. Commissioner,T.C. Memo. 1983-608, at n. 2, 46 T.C.M. 1562↩, 1563; 52 P-H Memo T.C. par. 83,608 at 2462-83.)
6. Armaganian v. Commissioner,T.C. Memo. 1978-305↩.