**Ronald E. SMALLDRIDGE, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 84-2610.

United States Court of Appeals, Tenth Circuit.

Oct. 30, 1986.

Paul A. Frederiksen, of Hemminger & Frederiksen, Englewood, Colo., for petitioner-appellant.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Gilbert S. Rothenberg, and David S. Moynihan, Tax Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before McKAY, TACHA, and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Ronald E. Smalldridge, the taxpayer, did not file any federal income tax returns for the years 1977 through 1981. However, for those five years, taxpayer's employer withheld taxes, transmitting such withholdings, together with other wage information, to the United States. Based apparently on information given the United States by taxpayer's employer, the Commissioner of Internal Revenue on November 2, 1982, issued a notice of deficiency to the taxpayer for the years 1977–1981. The deficiencies determined by the Commissioner for the years in question were calculated on the basis of rates applicable to a married person filing a separate return.

On January 5, 1983, the taxpayer, appearing *pro se*, filed a petition for redetermination in the United States Tax Court, claiming that the deficiency had been improperly determined in that it was assessed without due process of law and that the Commissioner had failed to consider certain allowances and deductions available to him. No mention, as such, was made in the petition regarding the fact that the deficiency determination was made on the basis of the taxpayer filing a separate return, as opposed to a joint return with his spouse. Sometime later the taxpayer retained counsel, who entered an appearance for the taxpayer in the redetermination proceedings then pending in the Tax Court.

On August 16, 1983, the taxpayer, on advice of his counsel, filed joint federal income tax returns for the years 1977–81. These returns claimed joint filing status for the years in question. On August 29, 1983, taxpayer's counsel tendered to the Tax Court an amended petition for redetermination wherein taxpayer did, at that time, complain, *inter alia,* about the fact that the notice of deficiency had been calculated on the basis of a married taxpayer filing a separate return, rather than a married taxpayer filing a joint return. The motion to file an amended petition for redetermination was granted by the Tax Court on September 6, 1983.

On August 13, 1984, the Tax Court, based on a stipulation of facts, filed a decision in favor of the Commissioner, its decision now appearing as *Smalldridge v. Commissioner,* 48 T.C.M. 882. Pursuant to 26 U.S.C. § 7482, Smalldridge seeks reversal of the Tax Court's decision.

■ It is agreed that from 1977–1981, the tax years here involved, taxpayer was, in fact, married, and that he and his wife, Barbara, *could* have timely filed joint tax returns for each of those years, or the taxpayer *could* have elected to file a separate return of his own for those years. However, as indicated, taxpayer did neither, and, in fact, filed no return for any of these five years. The failure of the taxpayer to himself file any return for those years is the inescapable root of the present problem.

With exceptions not here pertinent, a husband and wife may file a "single return jointly of income taxes … even though one of the spouses has neither gross income nor deductions…." 26 U.S.C. § 6013(a). Further, an individual, though married, who has filed a separate return for a particular year in which he could have filed a joint return with his spouse, may later file a joint return for the year, subject to cer-

tain limitations. 26 U.S.C. § 6013(b). The pertinent limitations are set forth in 26 U.S.C. § 6013(b)(2)(B) and § 6013(b)(2)(C), which provide, respectively, that the switch from a separate return to a joint return may not be made: (1) after three years from the last date prescribed by law for filing the return for the taxable year in question (26 U.S.C. § 6013(b)(2)(B)); and (2) after there has been mailed to either spouse a notice of deficiency for the tax year in question, if the spouse to whom such notice has been given files a petition for redetermination with the Tax Court (§ 6013(b)(2)(C)).

In the instant case, it is undisputed that the Commissioner issued a notice of deficiency to the taxpayer, and that, in response to the notice of deficiency, which notice, incidentally, covered all five years, the taxpayer filed a petition for a redetermination with the Tax Court. Such fact would clearly bring the instant case within the limitation set forth in 26 U.S.C. § 6013(b)(2)(C).[1] However, counsel for taxpayer asserts that 26 U.S.C. § 6013(b)(2)(C) has no application because, by the prefacing language appearing in 26 U.S.C. § 6013(b), the statute, including the exceptions thereto, applies only to the situation where the taxpayer files a separate return and later seeks to file a joint return. Counsel argues that since the taxpayer in the instant case filed *no* return for the years involved, 26 U.S.C. § 6013(b), in its entirety, has no application. This argument misses the mark.

While the taxpayer did not himself file any return for 1977–1981, the Commissioner, acting pursuant to statutory authority, did file a return for the taxpayer for those years. Where a taxpayer fails to file a return, the Commissioner, subject to certain conditions, shall make a return for him. 26 U.S.C. § 6020. That is just what the Commissioner did in the instant case.[2]

---

**1.** The three-year limitation set forth in 26 U.S.C. § 6013(b)(2)(B) would appear to bar a switch from a separate return to a joint return for the years 1977, 1978, and 1979. However, the ex-

ception set forth in 26 U.S.C. § 6013(b)(2)(C) would preclude a switch for all five years.

**2.** We do not mean to suggest that this statute is in anywise mandatory on the Commissioner.

The record before us contains papers indicating quite clearly that the Commissioner, based on information before him, did prepare, and sign, an income tax return on behalf of the defaulting taxpayer, which process necessarily involved making an election of whether to file a separate return or a joint return. The election to file a separate return having been made for him by the Commissioner, the taxpayer is now in the same position as if he himself had elected to file, and did file, a separate return. As such, he is now subject to the limitations contained in 26 U.S.C. § 6013(b)(2)(C) when he attempts in this belated fashion to file a joint return for the years 1977–1981. In additional support of the foregoing, see Rev.Rul. 70–632, 1970 —2 C.B. 286, which provides that a return filed by the District Director under the authority of 26 U.S.C. § 6020(b) "constitutes a separate return filed by the taxpayer for the taxable year within the meaning of section 6013(b) of the Code." *See also Conovitz v. Commissioner*, 39 T.C.M. 929, 931 (1980).

The Tax Court clearly recognized the present problem when it commented in its decision as follows:

> Where a tax return is not timely filed by a taxpayer, and the Commissioner is required to make the joint or separate return election for the taxpayer in a notice of deficiency, that election may not thereafter be altered *if* the taxpayer files a petition with respect to the notice of deficiency with this Court. As stated previously by this Court—
>
> the administrative considerations which accompany a system such as ours, where taxation is based upon voluntary disclosure, demand that where, "as the result of a failure to file a return, the Commissioner has been required to make an election for the taxpayers * * * that election may not thereafter be altered." (emphasis added).

48 T.C.M. at 882–83.[3]

In this Court, taxpayer does not in anywise meet the Commissioner's basic premise that this is *not* an instance where taxpayer filed *no* returns for the years in question, and that, on the contrary, separate returns were filed for the taxpayer by the Commissioner acting pursuant to his statutory authority to file returns for a defaulting taxpayer. Under this approach, then, this is not, in reality, an instance where a taxpayer filed no return for the tax years in question. Rather, a return was filed for him by the Commissioner, and, under the circumstances, taxpayer is bound by the return filed in his behalf. Such being the case, counsel's argument that 26 U.S.C. § 6013(b)(2)(C) has no present pertinency must fall.[4]

█ Counsel additionally argues that the granting of his request to file an amended petition for redetermination in the Tax Court became the "law of the case" and dictates a reversal. We disagree. By its ruling, the Tax Court simply granted a request to file an amended petition and did not purport to rule at that time on the joint return vis-a-vis the separate return argument. Nor do we regard the fact that in 1976 and 1982 taxpayer filed a joint return with his wife to have any significance. We are here concerned with the tax years

In this connection, *see United States v. Verkuilen*, 690 F.2d 648, 657 (7th Cir.1982); *Hartman v. Commissioner*, 65 T.C. 542, 545 (1975).

**3.** We are not here concerned with the question of whether a statutory notice of deficiency, standing alone, can constitute a return filed by the Commissioner pursuant to 26 U.S.C. § 6020. The record in this case contains a document signed by the examiner, which included the taxpayer's name, address, social security number, wage information for the years in question, a personal exemption where applicable, and indicated married, filing separately status. In this regard, *compare Conovitz v. Commissioner*, 39 T.C.M. 929, 930 (1980), with *Tucker v. United States*, 8 Cl.Ct. 575, 581 (1985).

**4.** We therefore are not here concerned with taxpayer's argument that when no return is filed, the limitations of 26 U.S.C. § 6013(b) are inapplicable. In this connection, *compare Durovic v. C.I.R.*, 487 F.2d 36 (7th Cir.1973), *cert. denied*, 417 U.S. 919, 94 S.Ct. 2625, 41 L.Ed.2d 224 (1974), with *Tucker v. United States, supra*, note 3.

1977–1981, where taxpayer filed no return, and the Commissioner, acting pursuant to statutory authority, filed returns for him.

Decision affirmed.