KENNETH L. PHILLIPS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 29091-83.          Filed March 5, 1987.

*Jeffrey L. Gould*, for the petitioner.
*Kristine A. Roth*, for the respondent.

OPINION

WILLIAMS, *Judge*: This case is before the Court on petitioner's motion for award of reasonable litigation costs

pursuant to section 7430.[1] We must decide whether petitioner substantially prevailed in the litigation that was the subject of *Phillips v. Commissioner*, 86 T.C. 433 (1986), whether petitioner exhausted his administrative remedies, and whether the position of the United States in this litigation was reasonable.

The Commissioner determined deficiencies in petitioner's Federal income tax and additions to tax as follows:[2]

| Taxable year | Deficiency | Additions to tax | |
|---|---|---|---|
| | | *Sec. 6651(a)(1)* | *Sec. 6653(a)* |
| 1979 | $11,733 | $2,932 | $587 |
| 1980 | 11,999 | 3,000 | 600 |
| 1981 | 11,862 | 2,966 | 593 |

Prior to mailing the notice of deficiency, respondent issued a preliminary notice which entitled petitioner to administrative review of the proposed deficiency. Petitioner did not request consideration of his case by the Appeals Office of the Internal Revenue Service, and respondent issued a statutory notice of deficiency. The deficiency was determined on grounds that petitioner, having not filed an income tax return, had not reported his income.

Petitioner had foreign tax credits which eliminated any Federal income tax liability for 1979, 1980, and 1981, if he was eligible to file an income tax return jointly with his wife. The disputed issue in this case, i.e., whether petitioner could file a joint return, arose after the mailing of the statutory notice of deficiency. Thus, the sole issue the Court was required to decide was whether petitioner was entitled to make a joint return for each of the years 1979, 1980, and 1981.

The facts were fully stipulated, and petitioner cooperated fully with respondent in forming the issue for decision. The

---

[1] All section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue, unless otherwise indicated.

[2] Prior to submission of the case under Rule 122, Tax Court Rules of Practice and Procedure, the parties stipulated that if respondent prevailed, deficiencies and additions to tax would be determined as follows:

| Taxable year | Deficiency | Additions to tax | |
|---|---|---|---|
| | | *Sec. 6651(a)(1)* | *Sec. 6653(a)* |
| 1979 | $7,539 | $1,884.75 | $376.95 |
| 1980 | 5,579 | 1,394.75 | 278.00 |
| 1981 | 585 | 146.25 | 29.25 |

opinion in this case was filed on March 24, 1986, *Phillips v. Commissioner*, 86 T.C. 433 (1986), and we determined that there were no deficiencies in petitioner's Federal income tax for the years 1979, 1980, and 1981. On April 1, 1986, we entered a decision for petitioner.

Petitioner filed a motion for award of reasonable litigation costs with the Court on April 24, 1986. We vacated our decision and ordered respondent to respond to petitioner's motion on June 30, 1986. Respondent's objections to petitioner's motion were timely filed on September 8, 1986. Petitioner filed a response to respondent's objections, affidavits of attorneys Jeffrey L. Gould and Michael Abrutyn, and a report on November 12, 1986. Petitioner claims an award of $24,136.99 pursuant to section 7430(a).[3]

First, this Court must decide whether petitioner substantially prevailed within the meaning of section 7430(c)(2)(A)(ii).[4] Respondent argues that petitioner is not a prevailing party because, in respondent's view, the most significant issue in this case was petitioner's unreported income. Although petitioner had not initially reported his income because he had not filed a return, petitioner had no tax liability unless he was prohibited from filing a joint return. The omission of income, therefore, was not an issue in the case. The only issue in controversy between the

---

[3] Sec. 7430 applies to civil actions or proceedings commenced after Feb. 28, 1983, and before Jan. 1, 1986. Sec. 292(a), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 648. Sec. 7430(a), states in relevant part:

SEC. 7430(a). IN GENERAL.—In the case of any civil proceeding which is—

(1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and

(2) brought in a court of the United States (including the Tax Court and the United States Claims Court),

the prevailing party may be awarded a judgment for reasonable costs incurred in such proceeding.

[4] Sec. 7430(c)(2) provides as follows:

SEC. 7430(c). DEFINITIONS.—For purposes of this section

    \*    \*    \*    \*    \*    \*    \*

(2) PREVAILING PARTY.—

(A) IN GENERAL.—The term "prevailing party" means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which—

(i) establishes that the position of the United States in the civil proceeding was unreasonable, and

(ii)(I) has substantially prevailed with respect to the amount in controversy, or

(II) has substantially prevailed with respect to the most significant issue or set of issues presented.

parties was that presented for our decision which we decided favorably to petitioner, i.e., whether petitioner could file a joint return. Moreover, petitioner prevailed with respect to the entire amount in controversy. Prevailing as to the most significant issue and prevailing as to the amount in controversy are alternative grounds for concluding that petitioner has substantially prevailed. Having decided the only issue presented for decision favorably to petitioner and having decided that there are no deficiencies in petitioner's Federal income tax for the years before the Court, we hold that petitioner substantially prevailed in this case within the meaning of section 7430(c)(2)(A)(ii).

Respondent next argues that petitioner failed to exhaust his administrative remedies as required by section 7430(b)(2).[5] Petitioner did not avail himself of Appeals Office review of the proposed deficiency. Section 7430(b)(2) is "intended to preserve the role that the administrative appeals process plays in the resolution of tax disputes by requiring taxpayers to pursue such remedies prior to litigation." H. Rept. 97-404, at 13 (1981). In general, an Appeals Office conference is a necessary and important administrative remedy because it gives respondent an opportunity to correct the errors of his examining agents prior to commencement of litigation and because it significantly reduces the volume of tax litigation.

In this case, however, the issue of whether petitioner was entitled to make a joint return, the sole issue tried, arose only after respondent had mailed his notice of deficiency. Consequently, petitioner was unaware of the issue until after his case was docketed in this Court, and his failure under these circumstances to pursue an Appeals Office conference is not fatal. The sole point of controversy between the parties, which respondent pursued to the end of the litigation, was not resolved through good-faith negotiation. Subsequent to docketing the case, petitioner's account-

---

[5] Sec. 7430(b)(2) provides as follows:

SEC. 7430(b). LIMITATIONS.—

\* \* \* \* \* \* \*

(2) REQUIREMENT THAT ADMINISTRATIVE REMEDIES BE EXHAUSTED.—A judgment for reasonable litigation costs shall not be awarded under subsection (a) unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service.

ant communicated regularly with respondent's Appeals Office, and petitioner's counsel communicated with respondent's counsel on all matters in this case. Petitioner did not turn his back on any opportunity afforded him for negotiation of the issue presented to us. Additionally, respondent's insistence on pursuing the matter through litigation and his refusal to consider the effect of Rev. Rul. 72-539, 1972-2 C.B. 634 or of Rev. Rul. 83-183, 1983-2 C.B. 221, on his litigating position in this case, demonstrate that any discussion of this issue that petitioner attempted was futile. Respondent's failure to mention the rulings, both of which were discussed at length in petitioner's opening brief, is evidence of his intransigence. *Phillips v. Commissioner*, 86 T.C. at 439 n. 6. Congress recognized that under circumstances that indicate respondent's unwillingness to compromise, the standard of exhaustion of administrative remedies should be applied less strictly. H. Rept. 97-404, at 13.[6] We conclude, therefore, that petitioner satisfied the requirements of section 7430(b)(2).

Finally, petitioner must establish that the position of the United States in the litigation before the Court was unreasonable. Rule 232(e), Tax Court Rules of Practice and Procedure; sec. 7430(c)(2)(A). Respondent argues that it was reasonable to rely on our holding in *Durovic v. Commissioner*, 54 T.C. 1364 (1970), affd. on this issue 487 F.2d 36 (7th Cir. 1973), and to rely on the position that dummy returns were prepared and filed pursuant to section 6020(b) and constituted the filing of separate returns for purposes of section 6013.

Respondent's reasonableness in relying on *Durovic v. Commissioner*, *supra*, at first blush, seems indisputable. We had to overrule *Durovic* in order to hold for petitioner, and it should be obvious that reliance on a prior decision is on its face reasonable. On reflection, however, this case

---

[6] In discussing the requirement of exhaustion of administrative remedies the report of the House Committee on Ways and Means states:

"The committee recognizes that the exhaustion of remedies requirement may be inappropriate in some cases. For example, if a notice of deficiency is issued to a taxpayer in connection with an issue which the Internal Revenue Service has identified as one which it will litigate in all cases, then it would be inappropriate to require an administrative appeal. Therefore, taxpayers are required to exhaust available administrative remedies unless the court determines that, under the circumstances of the case, such requirement is unnecessary. [H. Rept. 97-404, at 13 (1981).]"

presents those rare circumstances that cry out for an exception. We believe that respondent's position was unreasonable because of its inherent arbitrariness. Respondent's position in this case directly contradicted his long-standing and clearly articulated administrative position as set forth in Rev. Rul. 72-539, 1972-2 C.B. 634, and reiterated in Rev. Rul. 83-183, 1983-2 C.B. 220. Respondent's counsel may not choose to litigate against the officially published rulings of the Commissioner without first withdrawing or modifying those rulings. The result of contrary action is capricious application of the law. *Phillips v. Commissioner*, 86 T.C. 433, 442 (1986) (Simpson, J., concurring). The Commissioner's own procedural rules enunciate that published rulings "are published to provide precedents to be used in the disposition of other cases, and may be cited and relied upon for that purpose."[7] Petitioner's case fell fully within the principles that Rev. Rul. 72-539 declared respondent would follow. The ruling has not been revoked. Respondent's counsel should have confessed error in the face of respondent's own rulings. We are compelled to conclude as a result of counsel's failure to confess error that respondent's position in the litigation of this case was arbitrary and, therefore, unreasonable. *Baker v. Commissioner*, 788 F.2d 38 (D.C. Cir. 1986).[8]

Furthermore, it was unreasonable for respondent to rely on the record developed in this case for support of his position that substitutes for returns had been prepared and filed by respondent pursuant to section 6020(b) for each of the taxable years 1979, 1980, and 1981. *Phillips v. Commis-*

---

[7] Sec. 7.01(f), Rev. Proc. 78-24, 1978-2 C.B. 503.

[8] Two recent circuit court cases involving a taxpayer's entitlement to joint rates may be viewed as bearing on the reasonableness of respondent's position. See *Smalldridge v. Commissioner*, 804 F.2d 125 (10th Cir. 1986); *Morgan v. Commissioner*, 807 F.2d 81 (6th Cir. 1986). The holding in *Smallridge v. Commissioner, supra,* is based on the conclusion that respondent filed valid returns pursuant to sec. 6020(b). No such returns were filed in this case. *Morgan v. Commissioner, supra,* is also distinguishable. In *Morgan,* the Court of Appeals distinguished Rev. Rul. 72-539, 1972-2 C.B. 634, basing its holding on its finding that the taxpayer had attempted to elect separate status by filing protest documents purporting to be returns. The holdings of *Smallridge* and *Morgan,* therefore, do not bear on the reasonableness of respondent's position in the litigation of this case. Furthermore, both cases were decided after our decision in *Phillips v. Commissioner, supra,* and therefore are not pertinent to a determination of the reasonableness of respondent's position during the litigation of this case. Reasonableness must be judged in light of extant authority when the issue is presented for decision. Finally, we reiterate that regardless of the reasonableness of respondent's position in the absence of his two rulings, litigating against his own announced policy is inherently arbitrary and, therefore, unreasonable.

*sioner*, 86 T.C. at 436-438. The only evidence in the record that even suggested that any substitute return existed was a transcript of account that reflected actions taken inconsistently with the law (86 T.C. at 437 n. 5) and consistently with the conclusion that the only paper filed by respondent was a first page of a Form 1040 for the taxable year 1979. 86 T.C. at 437. This form reported only petitioner's name, address, and social security number, and was not executed by respondent. 86 T.C. at 437. It contained none of the information required of a tax return filed by an individual and did not comport with the requirements of respondent's own regulations. 86 T.C. at 438; sec. 6020(b); secs. 301.6020-1(b)(1) and 301.6020-1(b)(2), Proced. & Admin. Regs.; see also sec. 6012 and the regulations thereunder. The forms purportedly filed by respondent in this case, if in fact filed, were no more than dummy returns filed for processing purposes. 86 T.C. at 437. It was, therefore, unreasonable for respondent to pursue his groundless position that these dummy returns, which failed to meet the requirements of section 6020(b) and his own regulations, were "returns" for purposes of section 6013(b). The record could not reasonably be viewed as supporting this argument.

Nevertheless, it must be recognized that if petitioner had filed a joint return prior to issuance of the notice of deficiency, the case as presented may not have arisen. It is in large measure petitioner's own delinquency that resulted in some of the attorneys' fees for which he seeks reimbursement. We believe that the United States should not bear the costs of litigation attributable to petitioner's own wrongful action even though he substantially prevailed on the amount in controversy and on the issue presented for decision. We believe that petitioner should not be awarded fees and costs incurred because of his delinquency; these fees and costs are not "reasonable" within the meaning of section 7430(a). It must also be recognized, however, that respondent's unreasonable position prolonged this litigation, and petitioner incurred litigation costs unnecessarily. While petitioner is not entitled to recover costs attributable to the factual development of the amount of his income, deductions, and credits for the years in issue, he is entitled to

recover costs attributable to respondent's unreasonable positions in the issue presented to us.

The right to attorneys' fees, as an exception to the American Rule, is a policy matter to be crafted by Congress and may be compensatory or punitive in nature. *Alyeska Pipeline Services Co. v. Wilderness Society*, 421 U.S. 240, 263 (1975); see also Starr, "The Shifting Panorama of Attorneys' Fees Awards: The Expansion of Fee Recoveries in Federal Court," 28 South Texas L. Rev. 189 (1986). An examination of the legislative history expressing the policy of section 7430 leads us to conclude that Congress intended the prevailing party to be compensated for expenses unnecessarily incurred, to provide relief to taxpayers seeking to litigate a just claim in response to a position unreasonably pursued by the Government, and thereby to "enable individual taxpayers to vindicate their rights regardless of their economic circumstances." H. Rept. 97-404, at 11. An award under section 7430 is not, and should not be viewed as, a penalty. Petitioner is, therefore, entitled to reasonable litigation costs pursuant to section 7430 to the extent his costs were incurred litigating the issue presented for decision. Since the parties thus far have been unable to agree as to the amount of reasonable litigation costs, a hearing on this issue may be required.[9]

In order to give the parties an opportunity to agree on such amount, without the necessity of a further hearing, the parties shall have a period of 60 days from the date of this opinion within which to file a stipulation of reasonable costs to be awarded to petitioner, consistent with this opinion. If no such stipulation is received within the allotted time, a further hearing on this matter will be scheduled.

*An appropriate order will be issued.*

Reviewed by the Court.

STERRETT, NIMS, WHITAKER, KÖRNER, HAMBLEN, COHEN, WRIGHT, and WELLS, *JJ.*, agree with the majority opinion.

---

[9] Normally we would have held a hearing prior to deciding the basic issue of petitioner's entitlement to recover his litigation costs. There was, however, no factual dispute between the parties on this basic issue, and since petitioner's counsel is in London, England, we believe the parties should have the benefit of our opinion prior to holding a hearing, if necessary, on the amount of recovery.

GERBER, *J.*, did not participate in the consideration of this opinion.

---

STERRETT, *Chief Judge,* concurring: This is a most difficult, hopefully infrequent, case where neither side can claim the high ground. I find it simple to frame the question; impossible to find a totally satisfactory answer.

The question: within the framework of determining whether respondent's position was "unreasonable," as that word is used in section 7430(c)(2)(A)(i), do we use as a crucible respondent's own revenue rulings or an affirmed decision of the Tax Court.

At first glance the answer seems simple, of course our decisions override respondent's revenue rulings, and therefore, to be "reasonable," respondent must follow them to the detriment of his own rulings.

But, if one steps back, is it not somewhat better in this narrowest of contexts to require that an administrative agency follow its own published rulings to insure a uniform application of the law? As I state the question, I am compelled to answer in the affirmative.

KÖRNER, HAMBLEN, COHEN, and WELLS, *JJ.*, agree with this concurring opinion.

---

CHABOT, *J.*, dissenting: The majority hold that respondent's position in *Phillips v. Commissioner,* 86 T.C. 433 (1986), was unreasonable. In that case, respondent relied on our holding in *Durovic v. Commissioner,* 54 T.C. 1364 (1970), affd. on this issue 487 F.2d 36 (7th Cir. 1973). I joined in this Court's opinion in *Phillips,* overruling our prior holding in *Durovic.* However, I believe that it was not unreasonable for respondent to have relied on our holding in *Durovic* until that holding was overruled.

Section 7430 provides for the award of litigation costs under certain circumstances. As the majority note, this

exception to the American Rule has been crafted by the Congress. An examination of the language of the statute makes it plain that the Congress had several purposes in enacting this provision. It is clear that one of those purposes is compensatory. However, the Congress did not merely provide that the successful litigant is to be awarded litigation costs; the Congress also required that the successful litigant establish "that the position of the United States in the civil proceeding was unreasonable".

Although we concluded, in *Phillips v. Commissioner, supra*, that our opinion in *Durovic v. Commissioner, supra*, was in error, we had relied on *Durovic* for 16 years before we overruled it.[1] It is true that, in many of the cases in which we relied on *Durovic*, the factual setting was distinguishable from the rule we announced in *Phillips v. Commissioner, supra*. However, in our citations, up until *Phillips v. Commissioner, supra*, we did not purport to restrict or question our holding in *Durovic*. When this Court relies on an opinion of this Court and that opinion was affirmed by a Court of Appeals and the Supreme Court has not issued a contrary directive and the statute has not changed, then it is not unreasonable for a party to rely on that opinion. This is not an instance of an old opinion having been ignored for decades and just now having been revived by respondent even though he should have known that the opinion had lapsed into obsolescence. Rather, this Court continued to state it relied on *Durovic* even after the petition was filed in the instant case.[2]

---

[1]Since 1980, we relied on *Durovic v. Commissioner*, 54 T.C. 1364 (1970), affd. on this issue 487 F.2d 36 (7th Cir. 1973), in *Thompson v. Commissioner*, 78 T.C. 558, 561 (1982); *Larvin v. Commissioner*, T.C. Memo. 1985-385; *Counts v. Commissioner*, T.C. Memo. 1984-561, affd. 774 F.2d 426 (11th Cir. 1985); *Smalldridge v. Commissioner*, T.C. Memo. 1984-434, affd. 804 F.2d 125 (10th Cir. 1986); *Morgan v. Commissioner*, T.C. Memo. 1984-384, affd. 807 F.2d 81 (6th Cir. 1986); *Hogge v. Commissioner*, T.C. Memo. 1984-129; *Thomas v. Commissioner*, T.C. Memo. 1984-72; *Rhoades v. Commissioner*, T.C. Memo. 1983-608; *Sommer v. Commissioner*, T.C. Memo. 1983-196; *Scholle v. Commissioner*, T.C. Memo. 1982-267; *Adams v. Commissioner*, T.C. Memo. 1982-223, affd. in an unpublished opinion 732 F.2d 159 (7th Cir. 1984); *Funk v. Commissioner*, T.C. Memo. 1981-506, affd. on other issues 687 F.2d 264 (8th Cir. 1982); *Lee v. Commissioner*, T.C. Memo. 1981-26, affd. on other issues 723 F.2d 1424 (9th Cir. 1984); and *Conovitz v. Commissioner*, T.C. Memo. 1980-22. In addition, we relied on *Durovic* in numerous cases in the 1970's.

[2]See *Larvin, Smalldridge, Morgan, Hogge, Thomas,* and *Rhoades*, in note 1 *supra*.

The question in the instant proceeding is not whether our opinion in *Durovic* was reasonable. Rather, the question is whether it was unreasonable for respondent to rely on that opinion merely because that opinion conflicted with respondent's rulings. On many occasions, we have made clear our views as to the status of respondent's rulings, whether those rulings are relied on by petitioners or by respondent. Indeed, just 3 weeks before our opinion was filed in *Phillips v. Commissioner, supra*, we stated as follows in *Stark v. Commissioner*, 86 T.C. 243, 250-251 (1986):

Both petitioner and respondent cite revenue rulings in support of their respective positions. Petitioner relies primarily upon Rev. Rul. 75-66, 1975-1 C.B. 85; Rev. Rul. 77-148, 1977-1 C.B. 63; and Rev. Rul. 75-373, 1975-2 C.B. 77. Respondent relies upon Rev. Rul. 76-331, 1976-2 C.B. 52. Both parties assert that revenue rulings "should be given weight" in this Court under *Bob Jones University v. United States*, 461 U.S. 574 (1983); *Macey's Jewelry Corp. v. United States*, 387 F.2d 70 (5th Cir. 1967); and *Neuhoff v. Commissioner*, 75 T.C. 36 (1980), affd. 669 F.2d 291 (5th Cir. 1982).

Absent special circumstances, a revenue ruling merely represents the Commissioner's position with respect to a specific factual situation. See *Stubbs, Overbeck & Associates, Inc. v. United States*, 445 F.2d 1142, 1146-1147 (5th Cir. 1971); *Crow v. Commissioner*, 85 T.C. 376, 389 (1985), and cases cited therein. We find nothing in the cases cited by the parties that undermines this well-established principle. Whereas this Court or any other court may adopt the conclusion and rationale of a revenue ruling, revenue rulings typically do not constitute substantive authority for a position. As we stated in *Neuhoff v. Commissioner*, 75 T.C. at 46:

"A revenue ruling does not constitute authority for deciding a case in this Court. We would decide this issue irrespective of the existence or nonexistence of a revenue ruling. We agree with the Court of Appeals for the Second Circuit in *Bankers Trust Co. v. Commissioner, supra*, and we agree with the conclusion reached in Rev. Rul. 76-68, not because we rely upon it for authority, but because we conclude it is correct. Cf. *Ludwig v. Commissioner*, 68 T.C. 979 (1977)."

Thus, while we shall examine the above revenue rulings, the conclusions reached in this case are our own.[3]

[3]In *Silco, Inc. v. United States*, 779 F.2d 282 (5th Cir. 1986), the Fifth Circuit Court of Appeals, to which this case is appealable, held that the taxpayer was entitled to rely upon a revenue ruling that provided "the only insight available to * * * [the] taxpayer at the time of the * * *

transaction as to the conceptual approach the IRS would use to determine the tax consequences." 779 F.2d at 287. See Statement of Procedural Rules, 26 C.F.R. sec. 601.601(d)(2)(v)(e). While *Silco* supports our holding herein, we rely upon our own analysis of the substantive issue.

To the same effect, see *Haley Bros. Construction v. Commissioner*, 87 T.C. 498, 516-517 (1986).

We have recently held that respondent acted unreasonably because he ignored our prior opinions. *Minahan v. Commissioner*, 88 T.C. 492, 497-501 (1987). Now the majority propose to hold that respondent acted unreasonably because he followed a long line of Tax Court opinions, instead of following his own revenue rulings.

Respectfully, I dissent.

SIMPSON, PARKER, SHIELDS, SWIFT, JACOBS, and PARR, *JJ.*, agree with this dissent.

---

SWIFT, *J.*, dissenting: Respondent argues that his litigating positions on the substantive issue in this case were not unreasonable. He makes the following two arguments: (1) It was not unreasonable for him to rely on the *Durovic* line of cases, and (2) it was not unreasonable for him to assert that certain audit examination documents and the notice of deficiency constituted a "return" for purposes of section 6013. Judge Chabot's dissenting opinion explains why respondent's first argument is correct.

The recent opinion of the 10th Circuit in *Smalldridge v. Commissioner*, 804 F.2d 125 (10th Cir. 1986), is particularly relevant to the correctness of respondent's second argument. In that case, the 10th Circuit held that audit examination documents similar to those in the record herein constituted a "return" for purposes of section 6013. An examination report and a notice of deficiency were in the record in *Smalldridge*. An examination report, dummy returns, and a notice of deficiency are part of the record in this case. In light of this recent Court of Appeals opinion upholding respondent's argument on the underlying issue, there is no justification for a finding that respondent was unreasonable in making the same argument before us.

In my opinion, neither of respondent's litigating positions in this case was unreasonable.

PARKER, *J.*, agrees with this dissent.