BOB JOE TEMPLEMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Templeman v. Commissioner
Docket No. 6135-90
United States Tax Court
T.C. Memo 1991-620; 1991 Tax Ct. Memo LEXIS 672; 62 T.C.M. (CCH) 1539; T.C.M. (RIA) 91620; December 16, 1991, Filed *672 Bob Joe Templeman, pro se. Don M. Parkinson, for the respondent. GOLDBERG, Special Trial Judge. GOLDBERG
MEMORANDUM OPINION This case was considered pursuant to the provisions of section 7443A(b)(3) of the Internal Revenue Code. [1]
This matter is before the Court on petitioner's motion entitled Demand for Fees and Costs received by this Court on April 1, 1991. We vacated our decision which was entered on March 5, 1991, pursuant to the agreement of the parties, for the purpose of considering petitioner's motion for costs in the amount of "81 Federal Reserve notes". The controversy in this case concerns the year 1987, for which Bob Joe Templeman (hereafter petitioner) failed to file a Federal income tax return. Respondent issued a notice of deficiency dated January 23, 1990, determining a deficiency of $ 191 and an addition to tax pursuant *673 to section 6651(a)(1) in the amount of $ 100. In the year 1987, petitioner received income from various sources in the amount of $ 5,962. Petitioner claims, on brief, that amounts received as interest, dividends, and unemployment compensation do not constitute income. For the year 1986, petitioner also failed to file a Federal income tax return. In 1986, he sustained a net capital loss of $ 23,460 in commodity transactions. This loss was not fully deductible for 1986 and gave rise to a capital loss carryforward which could have been used to offset $ 3,000 of petitioner's ordinary income for 1987, had he filed a return. Respondent filed a substitute return for petitioner, according to which the deficiency and addition to tax were determined. In an appeals conference, petitioner brought forth various tax protester arguments relating to the Government's authority to tax income received in various forms. Prior to trial, however, petitioner produced evidence of the 1986 capital loss and the availability of a capital loss carryforward for 1987. The parties then agreed that petitioner had no taxable income and no tax liability for 1987. Hence there was no deficiency in income tax *674 due from petitioner and no addition to tax for the tax year 1987, and a decision was so entered. Pursuant to section 7430(a), a prevailing party in certain administrative or court proceedings may be awarded a judgment for reasonable administrative and litigation costs. To be a "prevailing party" under section 7430(c)(4), the party seeking the award must: (1) establish that the position of the United States in the proceeding was not substantially justified, sec. 7430(c)(4)(A)(i), (2) substantially prevail, sec. 7430(c)(4)(A)(ii), and (3) establish that he has a net worth which does not exceed 2 million dollars at the time the proceeding was commenced, sec. 7430(c)(4)(A)(iii). A judgment for litigation costs will not be awarded under section 7430(a) unless the Court determines that the prevailing party has exhausted the administrative remedies available to him with the Internal Revenue Service. Sec. 7430(b)(1). No award for reasonable costs may be made with respect to any portion of the proceeding during which the prevailing party has unreasonably protracted such proceeding. Sec. 7430(b)(4). All of these requirements must be met. Polyco v. Commissioner, 91 T.C. 963 (1988); *675 Sher v. Commissioner, 89 T.C. 79, 83 (1987), affd. 861 F.2d 131 (5th Cir. 1988). Respondent concedes that petitioner's request for expenses is reasonable in its amount, "81 Federal Reserve notes," but disputes all the remaining issues. The questions are whether petitioner: (1) Has established that the position of the United States was not substantially justified, (2) has substantially prevailed, (3) has established that he meets the net worth requirement, (4) has exhausted his administrative remedies, and (5) has established that he has not protracted the proceeding. On the basis of the record, it is clear that respondent had a reasonable basis for issuing the statutory notice using whatever information he had concerning petitioner's income, and without taking petitioner's deductions into consideration. Petitioner failed to file a Federal tax return for both 1986 and 1987, as required by section 6011. We are unable to comprehend how a taxpayer who fails to comply with the requirement of filing a return and supplying information necessary to calculate his taxable income can term respondent's position unreasonable simply because respondent is *676 unaware of the deductions available to the taxpayer. We find that the position of the United States was substantially justified. Petitioner has taken the position that sums received did not constitute income, and hence he was not required to file a return. It is well established that gross income includes all income from whatever source derived unless excluded by law. Sec. 1.61-1(a), Income Tax Regs. To say that a taxpayer has no tax liability is not to say that he has no income, nor that he is exempt from the responsibility of filing a return. Petitioner has not established that he exhausted his administrative remedies and/or that he did not unreasonably protract the proceedings. Petitioner went through the motions of attending the appeals conference but brought forth only tax-protester arguments, rather than documentation of his deductions. We consequently hold that petitioner has not exhausted his administrative remedies and has unreasonably delayed the proceedings. It is obvious that if petitioner had filed his 1987 tax return, this case would never have arisen. This Court has said: "We believe that the United States should not bear the costs of litigation attributable *677 to petitioner's own wrongful action [in failing to file a return] even though he substantially prevailed on the amount in controversy." Phillips v. Commissioner, 88 T.C. 529, 535 (1987), affd. in part, revd. in part 851 F.2d 1492 (D.C. Cir. 1988). Finally, petitioner has asserted but has offered no evidence that his net worth does not exceed $ 2,000,000. Accordingly, we hold that petitioner is not entitled to an award for litigation costs under section 7430. An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code as in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩