951 F.2d 1258
 69 A.F.T.R.2d 92-520
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Delmer E. CRAIG, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 91-9005.
 United States Court of Appeals, Tenth Circuit.
 Jan. 7, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals the decision of the Tax Court dismissing his petition for failure to state a claim and determining that deficiencies in income tax, and penalties, for tax years 1985-1987 were due from Petitioner in the amounts calculated by the Commissioner. In June of 1990, the Commissioner mailed three statutory notices of deficiency to Petitioner, one for each of the years at issue, which informed Petitioner that the Commissioner had determined a deficiency in the amount of tax paid for each of those years, and also had determined that certain statutory additions to tax applied. Petitioner timely filed a petition for redetermination in the Tax Court. See I.R.C. § 6213(a).
 
 
 3
 On appeal, Petitioner raises the following arguments: (1) the notices of deficiency did not comply with the statutory requirements and, therefore, were void, so the Tax Court had no jurisdiction; (2) Petitioner is not subject to the Internal Revenue Code because he has not engaged in any taxable activities; (3) the Tax Court should not have dismissed his petition because Petitioner followed the Rules of Practice and Procedure of the Tax Court in drafting his original and amended petition, whereas neither the Commissioner nor the Tax Court followed the Rules; (4) the Tax Court failed to require the Commissioner to bear the burden of proving Petitioner is a taxpayer; and (5) the Commissioner has the burden of showing he has delegated authority from the Secretary of the Treasury to administer the tax laws, but there is no proof that the document upon which the Commissioner relies for his delegated authority, Treas. Dep't Order 150-10 (Apr. 22, 1982), actually exists.
 
 
 4
 "The Commissioner's determination of a deficiency is presumed correct and the taxpayer has the burden of proving it incorrect." Taylor v. Commissioner, 771 F.2d 478, 479 (11th Cir.1985) (per curiam). Based upon our review of the record, the parties' briefs, and the pertinent law, we do not find any of Petitioner's arguments persuasive, and affirm the decision of the Tax Court.
 
 
 5
 Petitioner first asserts that the notices of deficiency he received were null and void because they did not state that the Commissioner had examined a return or inform Petitioner of the exact amount of the deficiency. Petitioner does not deny that he did not file a tax return for the tax years in question. He insists, however, that the Secretary of the Treasury was required to prepare one for him and so recite in the notice of deficiency. Although I.R.C. § 6020(b)(1) provides that "[i]f any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor, ... the Secretary shall make such a return from his own knowledge and from such information as he can obtain through testimony or otherwise," the Secretary does not have to file a substitute return for the taxpayer before issuing a statutory notice of deficiency. Hartman v. Commissioner, 65 T.C. 542, 545-46 (T.C. 1975); accord Smalldridge v. Commissioner, 804 F.2d 125, 127 n. 2 (10th Cir.1986).
 
 
 6
 Additionally, each notice stated on its face the amount of the deficiency, and the attached work papers showed how the deficiency was calculated and what balance was due after subtracting taxes previously withheld from the total amount of taxes due, i.e., the deficiency, see I.R.C. § 6211(a). The notices of deficiency were sufficient to vest the Tax Court with jurisdiction over the petition for redetermination of deficiency. See Sanderling, Inc. v. Commissioner, 571 F.2d 174, 176 (3d Cir.1978).
 
 
 7
 Petitioner claims that he is not subject to the Internal Revenue Code because he did not engage in any taxable activities. Petitioner does not dispute that he earned the wages, interest, and unemployment compensation reflected in the notices of deficiency. His conclusory statement that these activities are not taxable is without merit. See, e.g., Charczuk v. Commissioner, 771 F.2d 471, 472-73 (10th Cir.1985) (wages are properly taxable income).
 
 
 8
 Petitioner claims that he properly followed the requirements of Rule 34(b) of the Tax Court's Rules of Practice and Procedure in filing his petition for redetermination of deficiency, but neither the Commissioner nor the Tax Court followed the Rules. "[T]he Tax Court Rules have been interpreted as requiring more detailed pleadings than the Federal Rules of Civil Procedure." Taylor v. Commissioner, 771 F.2d at 479. A petition must contain "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability," as well as "[c]lear and concise lettered statements of the facts on which petitioner bases the assignments of error, except with respect to those assignments of error as to which the burden of proof is on the Commissioner." Tax Ct.R. 34(b)(4), (5).
 
 
 9
 Neither the original petition nor the amended petition Petitioner filed with the Tax Court's permission disputed that Petitioner earned the income on which the deficiencies were calculated, or that he did not pay any tax on the income beyond that reflected in the work sheets. Likewise, the petitions did not challenge the calculations the Commissioner made as to deficiencies or penalties. Instead, the petitions set forth the same types of assignments of error as Petitioner asserts on appeal. Because the assignments of error were legally without merit and were unsupported by any facts alleged, the Tax Court properly dismissed the petitions for failure to state a claim. See Taylor v. Commissioner, 771 F.2d at 479-80.
 
 
 10
 Petitioner also contends that the Commissioner violated the Rules by not filing an answer to the petition within sixty days. Rule 36, however, provides that the Commissioner may either file an answer to a petition within sixty days or move with respect to the petition within forty-five days. The Commissioner timely filed a motion to dismiss the petition. Contrary to Petitioner's assertion, the motion complied with Rule 50 by stating the grounds for the dismissal with particularity. Finally, Petitioner does not point to any Rule, nor have we located one, that requires the Tax Court to set forth findings of fact and conclusions of law in ruling on a motion to dismiss or otherwise disposing of a case without a trial on the merits.
 
 
 11
 Petitioner's contention that the Commissioner had the burden of proving he was a taxpayer is based on his assumption that the Secretary must prepare and file a substitute return before the Commissioner can determine or assess a deficiency. We have already held that the Secretary does not have to file a substitute return before the Commissioner can determine a deficiency and issue a statutory notice. Whether the Commissioner must have a return in his possession before he can assess a tax is irrelevant here; we are concerned only with the Commissioner's initial determination of a deficiency.
 
 
 12
 Finally, Petitioner questions the validity of the Commissioner's delegated authority from the Secretary of the Treasury to administer the tax laws. This court and others have upheld the validity of Treas. Dep't Order 150-10, which delegates authority to the Commissioner from the Secretary, and Petitioner's contentions to the contrary are without merit. See, e.g., United States v. Saunders, --- F.2d ----, Nos. 91-35012 & 91-35170, 1991 WL 261340 at * 2-3 (9th Cir. Dec. 13, 1991); Lonsdale v. United States, 919 F.2d 1440, 1445-46 and n. 3 (10th Cir.1990) (quoting text of Treas. Dep't Order 150-10 and holding that failure to publish it in Federal Register did not make it invalid).
 
 
 13
 The Commissioner has requested in his brief on appeal that we impose sanctions against Petitioner in the amount of $1,500 for bringing a legally frivolous appeal. Petitioner has had both notice of the possible imposition of sanctions and an opportunity to respond, so we may now impose sanctions if we deem them appropriate. See Braley v. Campbell, 832 F.2d 1504, 1515 (10th Cir.1987). Based upon our careful review of the record and the parties' briefs, we conclude Petitioner's appeal is frivolous and that sanctions in the amount of $1,500 are warranted. See Casper v. Commissioner, 805 F.2d 902, 906 (10th Cir.1986); Coleman v. Commissioner, 791 F.2d 68, 73 (7th Cir.1986).
 
 
 14
 The judgment of the United States Tax Court is AFFIRMED. Sanctions in the amount of $1,500 are imposed against Petitioner for bringing a legally frivolous appeal.
 
 
 15
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3