**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**February 21, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

RYAN LANCE MACCUBBIN,

    Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

    Respondent - Appellee.

No. 24-9005
(CIR No. 15352-22)
(United States Tax Court)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.[**]
_____

Ryan Lance MacCubbin refused to pay any federal income tax on his 2018 earnings. Exercising jurisdiction under 26 U.S.C. § 7482(a)(1), we affirm the United States Tax Court's deficiency determination and related penalties.

## I.    BACKGROUND

In 2018 Mr. MacCubbin worked at Chenega Technical Innovations, LLC

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

(Chenega), where he earned $51,007. He did not report these earnings on his federal income tax return. Rather, he entered zeros on the lines for reporting income and taxes owed. In an attached document he claimed that since he had not received any "Wages," he was not an "Employee," and he was not involved in a "Trade or Business" as defined in the Internal Revenue Code. R., Vol. II at 110–11 (internal quotation marks omitted). He also requested a refund of $5,449—the amount of federal taxes that Chenega had withheld from his earnings.

In March 2022 the Commissioner of Internal Revenue sent Mr. MacCubbin a notice of deficiency, informing him that he owed $4,525 in federal income taxes for 2018, and assessing an accuracy-related penalty of $595. *See* 26 U.S.C. § 6662 ("Imposition of accuracy-related penalty on underpayments").

After a trial in March 2024, the United States Tax Court sustained the Commissioner's deficiency determination and accuracy-related penalty. Because the parties had stipulated that Mr. MacCubbin had "worked at Chenega" in 2018 and received "earnings of $51,007," the court said that there was "little more to consider." R., Vol. II at 112. And because Mr. MacCubbin had been warned that his arguments were frivolous—but he persisted in making them at trial—the tax court imposed an additional $1,000 penalty. R., Vol. II at 115–16; *see* 26 U.S.C. § 6673(a)(1) (allowing the tax court to impose a penalty if the taxpayer's position is "frivolous or groundless").

On appeal Mr. MacCubbin challenges the deficiency determination and accuracy-related penalty; he does not challenge the frivolousness penalty.

Page **2**

## II.    DISCUSSION

We review the tax court's conclusions of law de novo and its factual findings for clear error. *See Esgar Corp. v. Comm'r*, 744 F.3d 648, 652 (10th Cir. 2014). We review its evidentiary rulings for abuse of discretion. *See Kurzet v. Comm'r*, 222 F.3d 830, 840 n.8 (10th Cir. 2000).

### A.    Deficiency

The Internal Revenue Code defines *gross income* as "all income from whatever source derived, including (but not limited to) . . . [c]ompensation for services." 26 U.S.C. § 61(a). Once gross income is determined, allowable deductions are subtracted to arrive at a taxpayer's "adjusted gross income" and "taxable income." 26 U.S.C. §§ 62, 63 (internal quotation marks omitted).

Mr. MacCubbin maintains that the earnings he received from Chenega were not taxable "wages" under 26 U.S.C. § 3401. His position is wholly without merit. That section defines *wages* to include "all remuneration (other than fees paid to a public official) for services performed by an employee for his employer[.]" 26 U.S.C. § 3401(a); *see Lonsdale v. United States*, 919 F.2d 1440, 1447–48 (10th Cir. 1990) ("[T]he [taxpayers] cannot by any stretch of the imagination assert that their arguments [against] the taxability of wages have any support in this circuit.").

Mr. MacCubbin similarly asserts that he was not an *employee* under 26 U.S.C. § 3401(c), which states that the term "includes an officer, employee, or elected official of the United States, a State, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the

foregoing [or] an officer of a corporation." He argues that the definition "includes" only government employees and corporate officers. He is mistaken. *See United States v. Latham*, 754 F.2d 747, 750 (7th Cir. 1985) ("[The assertion] that under 26 U.S.C. § 3401(c) the category of 'employee' does not include privately employed wage earners is a preposterous reading of the statute. It is obvious that within the context of [the] statute[] the word 'includes' is a term of enlargement not of limitation, and the reference to certain entities or categories is not intended to exclude all others.").

Mr. MacCubbin further contends that the Commissioner failed to establish a factual basis for a deficiency. He first argues that the Commissioner did not identify a mathematical error or an improper deduction. But nothing in the definition of *deficiency* suggests that deficiencies are limited to those two types of errors. *See* 26 U.S.C. § 6211; *Laing v. United States*, 423 U.S. 161, 173 (1976) ("In essence, a deficiency as defined in the [Internal Revenue] Code is the amount of tax imposed less any amount that may have been reported by the taxpayer on his return."). He also argues that the Commissioner's deficiency determination was based on "self-serving, entirely unsupported and purely hearsay allegations made by unexamined others" in Forms W-2 and 1099. Aplt. Br. at 18. The Commissioner did not, however, rely on any Form 1099. And we see no abuse of discretion in the tax court's admission of the Form W-2 (provided by Chenega) as a self-authenticating business record. *See* Fed. R. Evid. 803(6), 902(11). "It is well-established that the Commissioner's deficiency determination in a civil case is presumptively correct, and that the taxpayer bears the burden of coming forward with sufficient evidence to overcome the presumption."

Page **4**

*Erickson v. Comm'r*, 937 F.2d 1548, 1551 (10th Cir. 1991). Mr. MacCubbin has not satisfied that burden. S*ee Hardy v. Comm'r*, 181 F.3d 1002, 1005 (9th Cir. 1999) ("[B]ecause [the taxpayer's] employer reported his income to the IRS, the Commissioner satisfied the foundational requirements [to apply the presumption of correctness].").

Relatedly, Mr. MacCubbin argues that the tax court erred by granting the Commissioner's motion for leave to file an exhibit—consisting of the Form W-2, paystubs, and Chenega's certification of records—four days out of time. The Commissioner represented in his motion, however, that he had just received those documents that same day. And Mr. MacCubbin fails to explain why granting the Commissioner's motion amounted to an abuse of discretion, except to claim unfair surprise. But it is difficult to see how he could have been unfairly surprised or prejudiced by the admission of his own W-2 and paystubs.

Mr. MacCubbin also contends that the tax court "ignored" his trial exhibits, which purportedly showed that the Commissioner's deficiency determination was "arbitrary, capricious, and brought in bad-faith." Aplt. Br. at 26. But the tax court admitted and considered all his exhibits, save one duplicative exhibit. And those exhibits hardly demonstrate that the Commissioner's deficiency determination was "based upon falsifications and/or inaccuracies." Aplt. Br. at 28. We discern no clear error.

Similarly, Mr. MacCubbin argues that two of his exhibits—a 2023 IRS Notice and his account transcript—prove there was no deficiency. But as the

Commissioner's counsel explained at trial, that notice was "erroneously issued": the IRS had not placed a litigation hold on his account, "so the system assumed that this case was settled and therefore issued [him a tax] refund." R., Vol. II at 148. And the account transcript simply reflected that same mistake. These exhibits fail to overcome the presumption of correctness, much less disprove a deficiency.

Mr. MacCubbin's next contention is that the notice of deficiency was improper because the Commissioner did not prepare a substitute return for him under 26 U.S.C. § 6020(b) in opposition to his zero-income return. We reject the contention. Although section 6020(b) "*authorizes* the Secretary to file for a taxpayer, the statute does not *require* such a filing, nor does it relieve the taxpayer of the duty to file." *United States v. Stafford*, 983 F.2d 25, 27 (5th Cir. 1993) (emphasis added); *see Smalldridge v. Comm'r*, 804 F.2d 125, 127 n.2 (10th Cir. 1986) ("We do not mean to suggest that [§ 6020] is in anywise mandatory on the Commissioner.").

## B.     Negligence Penalty

Finally, Mr. MacCubbin argues that the tax court incorrectly imposed an accuracy-related penalty for negligence. We disagree. Section 6662 imposes a 20% accuracy-related penalty on the portion of an underpayment attributable to, among other things, "[n]egligence or disregard of rules or regulations." 26 U.S.C. § 6662(a), (b)(1). "The term 'negligence' includes any failure to make a reasonable attempt to comply with the provisions of [the tax code]." 26 U.S.C. § 6662(c). "The Commissioner's determination of negligence is presumed correct, and the taxpayer has the burden of proving it wrong." *Van Scoten v. Comm'r*, 439 F.3d 1243, 1252

(10th Cir. 2006) (internal quotation marks omitted). Mr. MacCubbin has not proved it wrong. As the tax court explained, the "authority is plain" that his position—that money earned for services rendered is not income—is "too good to be true." R., Vol. II at 115 (quoting 26 C.F.R. § 1.6662-3(b)(1)(ii)).

### III.    CONCLUSION

We **AFFIRM** the decision of the tax court.

Entered for the Court

Harris L Hartz
Circuit Judge