EDWARD F. SLECHTER, SR. AND RITA M. SLECHTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Slechter v. Commissioner
Docket No. 30602-86.
United States Tax Court
T.C. Memo 1987-528; 1987 Tax Ct. Memo LEXIS 520; 54 T.C.M. (CCH) 897; T.C.M. (RIA) 87528; October 19, 1987. Edward F. Slechter, Sr., pro se. John W. Walsh, for the respondent. WOLFE
MEMORANDUM FINDINGS OF FACT AND OPINION WOLFE, *522 Special Trial Judge: Respondent determined a deficiency in petitioners' 1983 Federal income tax in the amount of $ 437. [1]
The issues for decision are: (1) whether respondent denied petitioners equal protection under the law by selecting them for audit and issuing them a deficiency notice and, if so, whether the notice of deficiency should be quashed and (2) whether, under section 414(h)(2), petitioners properly excluded from gross income contributions to the Evergreen Park Police Pension Fund for 1983. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Evergreen Park, Illinois at the time the petition herein was filed. During 1983, Edward Slechter, *523 Sr. (petitioner) was a police officer employed by the Village of Evergreen Park, Illinois (Evergreen Park). Illinois law required police officers to contribute specified amounts to a police pension fund. [2] Pursuant to this statute, petitioner contributed $ 2,269 to the Evergreen Park Police Pension Fund (Pension Fund) in 1983. Effective January 1, 1982, an Illinois statute allowed municipality-employers to "pick up" employee contributions to a police pension fund. [3] In that case, contributions would be treated as if made by the employer for Federal tax purposes and the contribution would not be included in the employee's gross income. *524 On November 5, 1983, the Pension Fund requested an Internal Revenue Service ruling regarding the tax treatment of employee contributions picked up by Evergreen Park. In addition, the Board of Trustees of Evergreen Park (Board) adopted a resolution on December 5, 1983, approving the pick up of employee contributions to the Pension Fund. The resolution provided: Be is resolved that in accordance with Section 3.125.1 of Chapter 108 1/2, Article 3, of the Illinois Pension Code, the Village of Evergreen Park will pick up the employee contributions now being paid to the Police Pension Fund. Upon receipt of a favorable ruling in regard to Section 414(h) from the Internal Revenue Service by the Police Pension Fund, the Village of Evergreen Park, as soon as practicable, will exclude these contributions from the gross pay of policemen and will withhold federal and state income taxes on the gross pay less the contributions. This pickup of contributions will apply to all policemen that are members of the Police Pension Fund. The Internal Revenue Service did not issue a response to the Pension Fund's ruling request until April 19, 1984. The ruling was made subject to the Pension Fund's *525 qualification under section 401(a). The ruling concluded that employee contributions which Evergreen Park picked up would not constitute gross income to the employee and that Evergreen Park was not required to deduct and withhold taxes on amounts picked up. Employees would be taxed when these amounts were distributed through a retirement pension or lump sum payment. The ruling specified that the pick up could be made through a reduction in salary or an offset against future salary increases or a combination of both. The ruling further provided that "the pick-up is not effective for any amounts contributed to Plan X [the Pension Fund] prior to the date the resolution regarding the pick-up is put into operation." On December 26, 1983, an officer of the Pension Fund wrote to active participants including petitioner, to notify them of the Board's resolution regarding the pick up of employee contributions to the Pension Fund. This letter informed participants that, "Since these contributions are included in your gross pay for 1983, you must deduct them on your 1983 federal income tax return." An attached tax information letter listed petitioner's 1983 deductible contribution as *526 $ 2,269.25. Petitioner deducted this amount from gross income on his 1983 return. In the notice of deficiency, respondent increased petitioners' gross income by $ 2,269. OPINION
Validity of Notice of Deficiency
Petitioner contends that he was denied equal protection under the law because only four other officers from the Evergreen Park Police Department were audited by the Internal Revenue Service and two of these officers were allowed to deduct their contributions to the Pension Fund. Petitioner alleges that respondent discriminated against him by selecting him for audit and by failing to settle his case. Petitioner urges that the deficiency notice should be quashed. Generally, this Court will not look behind a notice of deficiency to examine the propriety of respondent's motives of making his determinations. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974). This rule is based upon the rationale that a Tax Court proceeding is a trial de novo. Raheja v. Commissioner,725 F.2d 64, 66 (7th Cir. 1984), affg. a Memorandum Opinion of this Court. As an exception to this rule, the Court will look behind a deficiency notice *527 where there is substantial evidence of unconstitutional conduct on respondent's part which threatens the integrity of the judicial process. Greenberg's Express, Inc. v. Commissioner, supra at 328. Even under these circumstances the Court will not declare the deficiency notice a nullity but may shift the burden of going forward with the evidence to respondent. Suarez v. Commissioner,58 T.C. 792, 814 (1972). From the evidence petitioners have presented, we find no basis for either voiding the deficiency notice or shifting the burden of going forward with the evidence. To support his allegations of discrimination, petitioner presented only his own unsubstantiated testimony and written statements. [4] We do not find petitioner's evidence convincing. In any case, petitioner has not alleged facts which entitle him to relief. Even if respondent had allowed other taxpayers a windfall, petitioner would not be entitled to the same treatment. Lincoln Savings and Loan Association v. Commissioner,51 T.C. 82, 107 (1968), revd. on other grounds 422 F.2d 90 (9th Cir. 1970), revd. 403 U.S. 345 (1971); Brownholtz v. Commissioner,71 T.C. 332, 339 (1978). *528 To succeed in his equal protection defense, petitioner must show that respondent exercised selectivity in the enforcement of the tax laws "based on impermissible considerations such as race, religion or the desire to penalize the exercise of constitutional rights." Raheja v. Commissioner,725 F.2d at 67. Petitioner asserts that when he accused the appeals officer of discriminating against him, she was so angered that she refused to resolve the case. Petitioner has failed to substantiate this claim. Petitioner has failed to state and prove facts to support his equal protection argument. Respondent is sustained on this issue.
Contributions to Pension Fund
The substantive tax issue in this case is whether petitioner properly excluded from gross income his 1983 contributions to the Pension Fund. Respondent's position is that Evergreen *529 Park did not begin to pick up employee contributions within the meaning of section 412(h)(2) until it received the favorable Internal Revenue Service ruling in April of 1984. Respondent contends that petitioner's 1983 contributions to the fund are employee contributions and cannot be excluded from petitioner's gross income. Section 414(h)(1) provides that amounts contributed to an employees' trust which meets the requirements of section 401(a) will not be treated as employer contributions if designated as employee contributions. Section 414(h)(2) provides an exception to this rule in the case of plans established by governmental units. Contributions which the governmental employer picks up are treated as employer contributions even though designated as employee contributions. [5] In the present case, the question before us is when Evergreen Park picked up employee contributions within the meaning of section 414(h)(2). *530 Under section 414(h), the employer controls the tax consequences of pension contributions. "The employee is stuck with the employer's designation, no matter what it is." Howell v. United States,775 F.2d 887, 890 (7th Cir. 1985). Prior to the resolution of December 5, 1983, Evergreen Park had not designated contributions to the Pension Fund as "employer contributions." Contributions to the Pension Fund which petitioner made prior to that date were employee contributions and these amounts must be included in his gross income. We do not agree with respondent's position that Evergreen Park did not pick up employee contributions until April of 1984 when it received the favorable Internal Revenue Service ruling. Rather, we find that the pick up was effective on December 5, 1983 when Evergreen Park adopted the resolution providing for the pick up. Respondent contends that the resolution was prospective. To support this position, respondent notes the use of the future tense in the phrase, "Evergreen Park will pick up the employee contributions now being paid to the Police Pension Fund." We think that "will" is used in this sentence to express a present, rather than *531 a future, directive or imperative. The resolution refers to no commencement date except the present for the pick up. While the resolution does provide that the exclusion of employee contributions from gross pay and the adjustment of withholding would not commence until receipt of the favorable ruling from the Internal Revenue Service, this provision was necessary to comply with the Illinois statute providing for the pick up. [6] The provision assures that, in the event of an unfavorable ruling, the governmental until will not have withheld less than the law requires. The resolution follows the Illinois statute which refers to the employer pick up as a separate event from the exclusion of employee contributions from gross pay and the adjustment of withholding. Fixing the date of the ruling rather than the date of the resolution as the date of the pick up would allow the Internal Revenue Service rather than the employer to control when the pick up begins. We do not think this result is intended under 414(h)(2). As the Seventh Circuit noted in Howell v. United States,775 F.2d at 889: By allowing an employer to designate a contribution *532 as an 'employer's contribution' and defer taxation of that income until retirement, Congress both created an opportunity and left its exercise to the employer. * * *
Further, respondent's position is not consistent with his rule enunciated in Rev. Rul. 87-10, 1987-5 I.R.B. 4. [7] Respondent's counsel cannot litigate against officially published rulings of the Commissioner unless they have been modified or withdrawn. Phillips v. Commissioner,88 T.C. 529, 534 (1987), on appeal (D.C. Cir., Aug. 7, 1987). The pick up occurred on December 5, 1983. All contributions to the Pension Fund prior to this date are employee contributions includable in gross income. All such contributions on and subsequent to December 5, 1983, are employer contributions and are not includable in petitioner's gross income. *533 Decision will be entered under Rule 155.
Footnotes
1. This case was assigned pursuant to section 7456 (redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180 et seq. All section references are to the Internal Revenue Code of 1954, as amended, and as in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Ill. Ann. Stat. ch. 108 1/2, par. 3-125.1 (Smith-Hurd 1986 Supp.). ↩
3. Ill. Ann. Stat. ch. 108 1/2, par. 3-125.1 (Smith-Hurd 1986 Supp.) (current version at Ill. Ann. Stat. ch. 108 1/2, par. 3-125.2 (Smith-Hurd 1986 Supp.)). As effective in 1983, this statute provided: Each employer may pick up the policemen's contributions required by Section 3-125 for all compensation earned after December 31, 1981. If an employer decides not to pick up the contributions, the amount that would have been picked up under this amendatory Act of 1980 shall continue to be deducted from compensation. If contributions are picked up they shall be treated as employer contributions in determining tax treatment under the United States Internal Revenue Code; however, the employer shall continue to withhold Federal and state income taxes based upon these contributions until the Internal Revenue Service or the Federal courts rule that pursuant to Section 414(h) of the United States Internal Revenue Code↩, these contributions shall not be included as gross income of the policemen until such time as they are distributed or made available. The employer shall pay these policeman's contributions from the same source of funds which is used in paying earnings to the policemen. The employer may pick up these contributions by a reduction in the cash salary of the policemen or by an offset against a future salary increase or by a combination of a reduction in salary and offset against a future salary increase. If employee contributions are picked up they shall be treated for all purposes of this Article 3 in the same manner and to the same extent as employee contributions made prior to the date picked up. 4. Respondent has made hearsay objections to some evidence offered by petitioner. To the extent this evidence consists of petitioner's allegations of statements by other police officers regarding their treatment by the Internal Revenue Service we agree with respondent and have declined to consider such hearsay statements. ↩
5. As effective in 1983, section 414(h) provided: (h) TAX TREATMENT OF CERTAIN CONTRIBUTIONS. -- (1) IN GENERAL. -- Effective with respect to taxable years beginning after December 31, 1973, for purposes of this title, any amount contributed -- (A) to an employees' trust described in section 401(a), or (B) under a plan described in section 403(a) or 405(a), shall not be treated as having been made by the employer if it is designated as an employee contribution. (2) DESIGNATION BY UNITS OF GOVERNMENT. -- For purposes of paragraph (1), in the case of any plan established by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing, where the contributions of employing units are designated as employee contributions but where any employing unit picks up the contributions, the contributions so picked up shall be treated as employer contributions. ↩
6. See note 3 supra.↩
7. Rev. Rul. 81-35, 1981-1 C.B. 255 and Rev. Rul. 81-36, 1981-1 C.B. 255, provide that contributions will be considered picked up by the employer under section 414(h)(2) if: (1) the employer specifies that he is making the contributions in lieu of contributions by the employee and (2) the employee does not have the option to receive the contributions directly. Rev. Rul. 87-10, 1987-5 I.R.B. 4, provides that the employer specification occurs on the "date of the latest governmental action necessary to effect the employer pick up." To illustrate this rule, Rev. Rul. 87-10↩ gives the example of a resolution, executed on November 30, 1983, which provides for the pick up of employee contributions as of January 1, 1983. The Revenue Ruling concludes that the last governmental action necessary to effect the pick up occurred on November 30, 1983 when the resolution was executed. Here, the resolution of December 5, 1983 was the "last governmental action" necessary for Evergreen Park to effect the employer pick up.